Jessica R. K. Dorman, Esq. (SBN: 279919)
jessica@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Office Number:          (619) 233-7770
Office Fax Number:      (619) 297-1022

Attorneys for Dave Summers

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dave Summers,<br><br>            Plaintiff,<br><br>v.<br><br>JPMorgan Chase Bank,<br><br>            Defendant. | Case No: _____<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard

for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

2. Dave Summers, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of JPMorgan Chase Bank, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed, and this conduct caused Plaintiff damages.

3. Dave Summers, (Plaintiff), through Plaintiff's attorneys also bring this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Williams & Fudge, Inc. ("Defendant"), in negligently or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

4. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

5. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

6. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

7. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

8. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

9. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

10. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

11. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

12. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

## JURISDICTION AND VENUE

13. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

14. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

15. This action arises out of Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA").

16. Plaintiff is a natural person who resides in the City of Glendale, County of Los Angeles, State of California.

17. Plaintiff resides in Los Angeles County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

18. Defendant regularly attempts to collect alleged debts against consumers in Los Angeles County by sending letters and making phone calls to consumers, as Defendant did to Plaintiff as well.

19. Specifically, Defendant made calls to Plaintiff in an attempt to collect on an alleged debt after Plaintiff requested in writing that all communication cease in violation of federal and state laws.

20. This collection effort towards Plaintiff by Defendant in the County of Los Angeles is the action that gave rise to the claim alleged and therefore venue is

proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2).

21. Because a substantial part of the events or omissions giving rise to the claim occurred in Los Angeles County, venue is proper pursuant to 28 U.S.C. § 1391b(2).

22. At all times relevant, Defendant conducted business within the State of California.

23. Because Defendants do business within the State of California, personal jurisdiction is established.

## PARTIES

24. Plaintiff is a natural persons who resides in the City of Glendale, State of California.

25. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a debtor as that term is defined by California Civil Code §1788.2(h).

26. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

27. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation whose State of Incorporation is in Columbus Ohio.

28. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

29. Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39). Defendant collects on alleged defaulted debts.

30. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

31. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

### FACTUAL ALLEGATIONS

32. Sometime before 2015, Plaintiff is alleged to to have incurred certain financial obligations.

33. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

34. Sometime thereafter, but before 2015, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt and the amount was past due. As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this alleged debt.

35. Subsequently, but on or about August of 2015, Defendant began calling the Plaintiff's telephone on a daily basis demanding payment of the alleged debt.

36. Plaintiff is a natural person, as that term is used by 15 U.S.C. § 1692 *et seq*.

37. Plaintiff is a natural person as that term is used by California Civil Code §1788.2(h).

38. Beginning on or about August of 2015, Plaintiff received numerous telephone calls on his cellular telephone from Defendant where Defendant used an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. §

227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

39. On November 16, 2016 Plaintiff drafted and mailed by certified mail a notice to Defendant that Plaintiff wanted Defendant to cease and desist all communications with Plaintiff.

40. Plaintiff's letter identified Plaintiff by name and account number, for each of Defendant.

41. This letter was received by Defendant or Defendant's agent on November 19, 2015.

42. Despite Plaintiff's letter to Defendant to cease all communication with Plaintiff, Defendant continued to call Plaintiff using an "ATDS" and "artificial or prerecorded voice" to collect on the alleged debt.

43. Over the next few months, Plaintiff received as many as three calls per day from Defendant who contacted Plaintiff Plaintiff using an "ATDS" and "artificial or prerecorded voice" to collect on the alleged debt .

44. These communications were each a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase.

45. Because Defendant was a person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engaged in debt collection, Defendant was a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c).

46. After Defendant was notified in writing that Plaintiff refused to pay the alleged debt or wished Defendant to cease further communication with the consumer, Defendant continued its communications with respect to such debt, for a purpose other than enumerated in 15 U.S.C. § 1692c(c). Consequently, Defendant violated 15 U.S.C. § 1692c(c).

47. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

48. The ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

49. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

50. These telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

51. Plaintiff did not provide express consent to Defendant to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

52. Further, Plaintiff specifically revoked any consent which may have been mistakenly believed, when he sent the cease and desist letter in November of 2015 informed Defendant to stop calling.

53. Plaintiff did not provide "prior express consent" to Defendant to place telephone calls to Plaintiff's cellular telephone with an artificial or prerecorded voice utilizing an ATDS as proscribed under 47 U.S.C. § 227(b)(1)(A).

54. These telephone calls by Defendant or its agents were in violation of 47 U.S.C. § 227(b)(1).

55. By continuing to contact Plaintiff regarding this alleged debt, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

56. Through this conduct, Defendant caused a telephone to ring or engaged a person in telephone conversations repeatedly or continuously with intent to

annoy, abuse, or harass any person at the called number. Consequently, Defendant violated 15 U.S.C. § 1692d(5).

57. Through this conduct, Defendant caused a telephone to ring repeatedly or continuously to annoy the person called. Consequently, Defendant violated Cal. Civ. Code § 1788.11(d).

58. Through this conduct, Defendant communicated, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances. Consequently, Defendant violated Cal. Civ. Code § 1788.11(e).

## CAUSES OF ACTION

### COUNT I

### NEGLIGENT VIOLATIONS OF THE

### TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. 227

59. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

60. The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227 et. seq.

61. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

### COUNT II

### KNOWING AND/OR WILLFUL OF THE

### TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. 227

62. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

63. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

64. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT III

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
### CAL. CIV. CODE §§ 1788-1788.32

65. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

66. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

67. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

//
//

- • Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- • An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- • An award of actual damages pursuant to California Civil Code §1788.30(a);
- • An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- • An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

68. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: August 25, 2016            By: /s/Jessica R. K. Dorman
                                     Jessica R. K. Dorman
                                     Attorneys for Plaintiff